

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00023-CR

_____

BRYAN SETH WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 48326-A

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A trial court found Bryan Seth Williams guilty of family violence assault with a prior conviction for family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). After a bench trial on punishment, Williams was sentenced to eight years' imprisonment. Williams appeals.[1]

Williams's attorney has filed a brief which states that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On September 24, 2021, counsel mailed to Williams copies of the brief, the motion to withdraw, and a motion for pro se access to the record lacking only Williams's signature. Williams was informed of his rights to review the record and file a pro se response. This Court granted Williams's motion for pro se access to the appellate record, which was mailed to Williams on December 7. We also granted Williams's motion for an extension of time to file his

_____

[1]Williams also appeals his conviction for aggravated assault in companion cause number 06-21-00024-CR.

2

pro se brief and, by letter dated March 1, 2022, informed Williams that any pro se response was due on or before March 31. This Court further extended the deadline for Williams to file a pro se response to May 1 and informed him that further extensions would not be granted. On May 16, this Court notified Williams that the case would be set for submission on the briefs on June 6. While we received letters from Williams, we did not receive a pro se response.[2]

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the inclusion of duplicative court costs in the trial court's judgment and the bill of costs.

Article 102.073 of the Texas Code of Criminal Procedure states, "In a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (Supp.). The Article further states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b) (Supp.). Here, Williams was convicted of this offense and an offense for aggravated assault, a second-degree felony, in the same criminal action. Because the same court costs imposed in this

---

[2]In an April 7 letter, Williams complains that he was not given a copy of the *Anders* brief. However, his counsel's September 24, 2021, correspondence demonstrates that she sent Williams a copy of the *Anders* brief, labeled "Opening Brief on Behalf of Appellant," in the same package as the motion for pro se access to the appellate record, which Williams clearly received. This Court also received counsel's assurances that she mailed the brief to Williams a second time.

case were already assessed against Williams on conviction for aggravated assault, we must delete the duplicative court costs in this case.

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Our record reflects that, except for $145.00 in sheriff fees, the remaining fees assessed in this case were also assessed as court costs in Williams's companion case. Because Williams was convicted of a greater degree of offense in the companion case, we must delete the $249.00 in duplicative courts that were assessed here.

We modify the clerk's bill of costs and the trial court's judgment by deleting $249.00 in duplicative court costs and to reflect that the court costs owed are $145.00. As modified, we affirm the trial court's judgment.[3]

Charles van Cleef
Justice

Date Submitted: June 6, 2022
Date Decided: June 7, 2022

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.